UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

UNITED STATES OF AMERICA,

v. 15 CR. 02 (CM) (JLC)

JOSE RODRIGUEZ,

Defendant.

------------------------------x

New York, N.Y.
June 12, 2015
12:40 p.m.

Before:

HON. JAMES L. COTT,

Magistrate Judge

APPEARANCES

PREET BHARARA
United States Attorney for the
Southern District of New York
GINA CASTELLANO
Assistant United States Attorney

JOSHUA DRATEL
Attorney for Defendant

(Case called)

MS. CASTELLANO: Good afternoon, your Honor. Gina Castellano for the government. I'm joined by Eli Crozier, an intern with the U.S. Attorney's office.

THE COURT: Good afternoon to both of you.

MR. DRATEL: Good afternoon, your Honor. Joshua Dratel for Mr. Rodriguez who is standing beside me.

THE COURT: Good afternoon to both of you. Let's go off the record for a minute.

(Discussion off record)

THE COURT: Let's go back on the record.

Do we have the paperwork, Dave?

THE DEPUTY CLERK: No.

MR. DRATEL: I have to go through that with him. They just brought him up, your Honor.

THE COURT: You can be seated.

(Pause)

THE COURT: Mr. Rodriguez, I have before me a consent form that you have just signed which says that knowing that you have the right to have your plea taken before a United States district judge. You are nonetheless agreeing to have your plea taken here today in magistrate's court before me, a United States magistrate judge.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Did you talk to Mr. Dratel about doing so before you signed the form?

THE DEFENDANT: Yes, sir.

THE COURT: I will approve the consent.

Mr. Rodriguez, the purpose of this proceeding today is to make sure that you understand all of your rights, to decide whether you are pleading guilty of your own free will, and to make sure that you are pleading guilty because you are guilty and not for some other reason.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: If at any time you do not understand any of the questions that I have am going to ask of you or if you want to consult with Mr. Dratel, please let me know because it is important that you understand every question before you answer. All right?

THE DEFENDANT: All right.

THE COURT: Now, before I take your plea, I am going to ask you a series of questions and therefore I need to place you under oath. So, if you please?

(Defendant sworn)

THE COURT: Do you understand, Mr. Rodriguez, that any statements that you make here today, under oath, may be used against you in a prosecution for perjury or for making false statements if you do not tell the truth?

THE DEFENDANT: Yes.

THE COURT: I understand that we need to conduct a waiver of indictment at this time.

Mr. Tam?

THE DEPUTY CLERK: Yes.

Defendant, please rise.

You are Jose Rodriguez?

THE DEFENDANT: Yes.

THE DEPUTY CLERK: Did you sign this waiver of indictment? Did you sign this waiver of indictment?

THE DEFENDANT: Yes.

THE DEPUTY CLERK: Before you signed it, did you discuss it with your attorney?

THE DEFENDANT: Yes.

THE DEPUTY CLERK: Do you understand what you are doing?

THE DEFENDANT: Yes.

THE DEPUTY CLERK: Do you understand you are under no obligation to waive indictment?

THE DEFENDANT: Yes.

THE DEPUTY CLERK: Do you understand if you do not waive indictment, if the government wants to prosecute you, they would have to present this case to a grand jury which may or may not indict you?

THE DEFENDANT: Yes.

THE DEPUTY CLERK: Do you realize that by signing this waiver of indictment you have given up your right to have this case presented to a grand jury?

THE DEFENDANT: Yes.

THE DEPUTY CLERK: Do you understand what a grand jury is?

THE DEFENDANT: Yes.

THE DEPUTY CLERK: Have you received a copy of the superseding information?

THE DEFENDANT: Yes.

THE DEPUTY CLERK: Do you waive its public reading?

THE DEFENDANT: Yes.

THE DEPUTY CLERK: How do you plead?

THE DEFENDANT: Guilty.

THE DEPUTY CLERK: Thank you.

THE COURT: You may be seated.

Mr. Rodriguez, could you please state your full name for the record?

THE DEFENDANT: Jose Antonio Rodriguez.

THE COURT: How old are you?

THE DEFENDANT: 27, sir.

THE COURT: Are you a citizen of the United States?

THE DEFENDANT: Yes.

THE COURT: Are you able to read and write in English?

THE DEFENDANT: Yes.

THE COURT: How far did you go in school?

THE DEFENDANT: Graduated high school, GED.

THE COURT: Are you now or have you recently been under the care of a doctor or psychiatrist for any reason?

THE DEFENDANT: No, sir.

THE COURT: Have you been treated recently for any mental illness or addiction to narcotic drugs of any kind?

THE DEFENDANT: No. No, sir.

THE COURT: As you sit here today, are you under the influence of any mind-altering drug or any alcoholic drink?

THE DEFENDANT: No. No, sir.

THE COURT: Are you on any medication?

THE DEFENDANT: No, sir.

THE COURT: Do you feel all right today?

THE DEFENDANT: Yes.

THE COURT: Have you been able to understand everything that I have said to you so far?

THE DEFENDANT: Yes.

THE COURT: Have you seen a copy of this information in the case?

THE DEFENDANT: Yes.

THE COURT: Have you read it?

THE DEFENDANT: Yes.

THE COURT: Do you understand what it says that you did?

THE DEFENDANT: Yes.

THE COURT: Have you had a chance to discuss the charge in the information and how you wish to plead with Mr. Dratel?

THE DEFENDANT: Yes.

THE COURT: Are you satisfied with his representation of you?

THE DEFENDANT: Yes.

THE COURT: Have you had a full opportunity to discuss the case with him?

THE DEFENDANT: Yes.

THE COURT: Has he discussed with you the consequences of pleading guilty?

THE DEFENDANT: Yes.

THE COURT: Now, are you ready to enter a plea today?

THE DEFENDANT: Yes.

THE COURT: My understanding is that you are pleading guilty to Count One of this information. Let me review the charge with you and the penalties associated with that charge.

Count One charges you with possessing a firearm in and affecting commerce after having been convicted of a felony in violation of federal law.

This charge carries a maximum term of imprisonment of 10 years, a maximum term of supervised release of three years, a maximum fine pursuant to federal law of the greatest of

$250,000, twice the gross gain derived from the offense or twice the gross loss to persons other than you resulting from the offense, and a $100 mandatory special assessment.

Do you understand the charge in Count One of the information and the penalties that are associated with that charge?

THE DEFENDANT: Yes.

THE COURT: How do you wish to plead to Count One?

THE DEFENDANT: Guilty.

THE COURT: Do you understand, Mr. Rodriguez, that as part of your sentence if you are placed on a term of supervised release and then you violate any of the conditions of that release, you could face an additional term of imprisonment?

THE DEFENDANT: Yes.

THE COURT: Now at this time, Mr. Rodriguez, I want to review with you a number of rights that you have and you will be giving up as a result of your guilty plea today.

First of all, do you understand that you have the right to plead not guilty to the charge in the information and the right to a speedy and public jury trial, if you wish?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if you were to plead not guilty and go to trial, the burden would be on the government to prove your guilt beyond a reasonable doubt and you would be presumed innocent?

THE DEFENDANT: Yes.

THE COURT: Do you understand that you would be entitled to be represented by an attorney at all stages of the proceedings -- at trial and at every other stage -- and if you could not afford to hire or to retain an attorney, the Court would appoint an attorney for you for free?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if there were a trial in your case, you would be entitled to confront and cross-examine any of the witnesses the government called to testify against you?

THE DEFENDANT: Yes.

THE COURT: Do you understand you would be entitled to testify on your own behalf?

THE DEFENDANT: Yes.

THE COURT: Do you understand that you could call witnesses and present evidence?

THE DEFENDANT: Yes.

THE COURT: Do you understand that you could ask the Court to issue subpoenas to compel witnesses to appear and testify in your defense even if they did not otherwise wish to come to court?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if there were a trial you would not be required to testify against yourself?

THE DEFENDANT: Yes.

THE COURT: And, do you understand if you chose not to testify, that fact could not be used against you?

THE DEFENDANT: Yes.

THE COURT: Do you also understand that if you went to trial and you were convicted at trial, you would still have the right to appeal that conviction to a higher court?

THE DEFENDANT: Yes.

THE COURT: Do you understand that by entering a guilty plea here today you will be giving up all of the rights that I have just reviewed with you including your right to a trial? You will not be able to withdraw your plea and the only remaining step in this case will be the sentencing?

THE DEFENDANT: Yes.

THE COURT: Do you understand that the decision as to the appropriate sentence in your case will be entirely up to the sentencing judge who in this case is Judge McMahon, and she will be limited only by what the law requires?

THE DEFENDANT: Yes.

THE COURT: Do you understand that even if you are surprised or disappointed by your sentence, you are still going to be bound by your guilty plea?

THE DEFENDANT: Yes.

THE COURT: Knowing everything that I have just reviewed with you, do you still wish to plead guilty to Count

One of the information?

THE DEFENDANT: Yes.

THE COURT: Has any force or any threats of force been used, either directly or indirectly, to influence how you plead today?

THE DEFENDANT: No.

THE COURT: Mr. Rodriguez, I have before me a letter dated June 3rd, 2015 from the government to Mr. Dratel containing the plea agreement in this case. Have you read this letter?

THE DEFENDANT: Yes.

THE COURT: Did you sign it on the last page?

THE DEFENDANT: Yes.

THE COURT: Before you signed it, did you discuss it with your attorney?

THE DEFENDANT: Yes.

THE COURT: Did he explain to you its terms and conditions?

THE DEFENDANT: Yes.

THE COURT: Apart from what is contained in the letter, have any promises been made to you in order to get you to plead guilty?

THE DEFENDANT: No.

THE COURT: Now, in reviewing this agreement I note, beginning on page 2, it contains an analysis of how part of our

law of sentencing known as the Sentencing Guidelines may impact on any prison term in your case. Based on that analysis, on page 3 of the letter it states the conclusion is that the guidelines sentencing range can be expected to be from 37 to 46 months.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Do you understand that Judge McMahon is not bound by the calculation in the letter and she will be free to do her own calculation which may result in a guideline range that is different from the one in letter?

THE DEFENDANT: Yes.

THE COURT: Do you understand that no matter what sentencing range Judge McMahon believes is called for by the guidelines, that range is just one of many factors that she is going to consider in determining your sentence and she has the discretion to give a prison sentence that is below the range or above the range, anywhere up to the maximum sentence of imprisonment that we discussed a few minutes ago?

THE DEFENDANT: Yes.

THE COURT: Do you also understand that under the terms of your plea agreement, if Judge McMahon sentences you to a prison term that is 46 months or less, you are giving up your right to appeal that sentence or to challenge it in any other way such as through a writ of habeas corpus?

THE DEFENDANT: Yes.

THE COURT: Do you also understand that in the letter you are giving up your right to complain if the government withheld any evidence from your attorney that would have been helpful to you?

THE DEFENDANT: Yes.

THE COURT: Now, Mr. Rodriguez, is your plea voluntary? And what I mean by that, is it made of your own free will?

THE DEFENDANT: Yes.

THE COURT: Has any threat of any kind been made to influence how you plead today?

THE DEFENDANT: No.

THE COURT: Did you in fact commit the offense that is charged in Count One of the superseding information?

THE DEFENDANT: Yes.

THE COURT: Now, before I ask you to tell the Court what you did that makes you guilty of the charge, I am going to ask the government to summarize the elements of the offense and, if it chooses to, to advise the Court what the evidence would have been had there been a trial.

Ms. Castellano?

MS. CASTELLANO: Yes, your Honor.

Count One of the superseding information charges the defendant with possessing a firearm in and affecting commerce

after having been convicted of a felony in violation of Title 18, United States Code, Section 922(g). To prove the defendant guilty of Count One, the government would have to prove each of the following elements beyond a reasonable doubt:

First, that the defendant was convicted in any court of a crime punishable by imprisonment for a term exceeding one year; second, that the defendant knowingly possessed a firearm as charged; and third, that the possession charged was in or affecting commerce.

The government's proof at trial would include, among other things, the testimony of the officers who recovered the firearm, the firearm itself, the testimony of an ATF agent regarding the firearms, make and model, that it was not made in New York, and the certificate of disposition for the defendant's prior felony conviction.

THE COURT: Thank you, Ms. Castellano.

Mr. Rodriguez, at this time, if you would please tell me, in your own words, what you did that makes you guilty of the charge in the superseding information?

THE DEFENDANT: On December 18th I was in a car with, amongst other individuals where a gun was -- where a gun was in the vehicle and I possessed it.

THE COURT: You were in a car on December 18th, 2014 and in that car there was a gun and you possessed that gun? Is that what you just said?

THE DEFENDANT: Well, it was in the -- it was in the car.

THE COURT: And you were in the car?

THE DEFENDANT: Yes.

THE COURT: Did you know there was a gun in the car?

THE DEFENDANT: Yes.

THE COURT: Where did this take place? Somewhere in the Southern District of New York?

THE DEFENDANT: Yes; the Bronx.

THE COURT: In the Bronx. All right.

Ms. Castellano, other questions you want me to ask?

MS. CASTELLANO: Your Honor, I think I could just proffer that the defendant was convicted on or about March 12, 2010 for criminal sale of a controlled substance in the third degree.

THE COURT: Is that correct, Mr. Rodriguez? Were you previously convicted of that crime?

THE DEFENDANT: Yes.

THE COURT: Anything else?

MS. CASTELLANO: That's it, your Honor.

THE COURT: Mr. Dratel, any other questions you think I need to ask your client?

MR. DRATEL: No, your Honor.

THE COURT: All right. Does the government represent that it has sufficient evidence to establish Mr. Rodriguez'

guilt beyond a reasonable doubt?

MS. CASTELLANO: No, your Honor -- yes, your Honor. Excuse me.

THE COURT: Mr. Dratel, do you know of any defense that would prevail at trial, or any other reason why he shouldn't be permitted to plead guilty at this time?

MR. DRATEL: No, your Honor.

THE COURT: Any other questions that either counsel believes the Court needs to ask?

MS. CASTELLANO: No, your Honor.

MR. DRATEL: No, your Honor.

THE COURT: On the basis of Mr. Rodriguez' responses to my questions and my observation of his demeanor, I find that he is fully competent to enter an informed plea at this time. I also conclude that he understands the nature of the charges and the consequences of his plea. Finally, I am satisfied that his plea is voluntary and that there is a factual basis for it.

Accordingly, I recommend that the proffered plea to Count One of the superseding information be accepted. I assume the government will order a copy of the transcript and submit it to Judge McMahon, together with any additional paperwork she may need in order to act on this recommendation.

MS. CASTELLANO: Yes, your Honor.

THE COURT: And has she scheduled a sentence in this case?

MS. CASTELLANO: She has not, your Honor. I ask that your Honor set the same control date as set for the defendant's co-defendants -- September 14th, 2015.

THE COURT: We will sit that 90 days from now, Mr. Dratel, but I assume you and Ms. Castellano will get a date certain from Judge McMahon in the next few weeks.

MR. DRATEL: Yes, your Honor.

THE COURT: Ms. Castellano, you should submit the prosecution case summary for purposes of presentence report within the next 14 days.

Mr. Dratel, you should make yourself available with your client to probation within the next 14 day, as well.

MR. DRATEL: Yes, your Honor.

MS. CASTELLANO: Yes, your Honor.

THE COURT: Anything else from the government?

MS. CASTELLANO: No, your Honor.

THE COURT: Mr. Dratel, anything else?

MR. DRATEL: No.

THE COURT: Mr. Rodriguez, have a good afternoon.

THE DEFENDANT: Thank you, sir.

o0o